IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-142-T |
| | ) | (WO) |
| DONALD PARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Upon review of objection filed by the plaintiff on April 21, 2005 (doc. no. 49), which the court construes as a motion to vacate judgment, and for good cause, it is

ORDERED that, on or before May 9, 2005 the defendants shall show cause why the motion to vacate, with respect to plaintiff Eric Mack's challenge to the process provided in the October 2001 parole consideration proceedings, should not be granted in light of the opinion issued in *Wilkinson v. Dotson*, ___ U.S. ___, 125 S.Ct. 1242 (2005). In this case, the Supreme Court held that inmates may challenge the constitutionality of parole-eligibility proceedings and parole-suitability proceedings under 42 U.S.C. § 1983 when the relief sought does not include "an injunction ordering . . . immediate or speedier release" from confinement. *Id*. at ____, 125 S.Ct. at 1248. The Court determined that this rule applies even though the inmates "seek relief that will

render invalid the state procedures used to deny parole eligibility . . . and [determine] parole suitability." *Id.*

 DONE, this the 29th day of April, 2005.

             /s/ Myron H. Thompson
           UNITED STATES DISTRICT JUDGE