IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-142-WKW |
| | ) [WO] |
| | ) |
| GLADYS RIDDLE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Eric Mack ["Mack"], a state inmate currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, complains that the defendants violated his constitutional rights when they failed to properly consider him for parole and denied him the opportunity for release on parole.[1]  Mack names Gladys Riddle, Johnnie Johnson, Jr., and Nancy McCreary, former members of the Alabama Board of Pardons and Paroles, Donald Parker, a former executive director of the Alabama Board of Pardons and Paroles, and their successors as defendants in this cause of action.  The requests for declaratory and injunctive relief presented by Mack remain before the court.

The defendants filed a special report, supplemental special report and supporting evidentiary materials addressing Mack's claims for relief.  Pursuant to the orders entered herein, the court deemed it appropriate to treat the defendants' reports as a motion for

---

[1] The claims currently pending before this court relate to the parole consideration process utilized in October of 2001.

summary judgment. *Order of July 26, 2007 - Court Doc. No. 99*; *Order of August 24, 2007 - Court Doc. No. 105*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Mack is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations of a constitutional violation similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916

(11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275,

1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Mack has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Mack asserts that the defendants violated his constitutional right to due process during the parole consideration process related to the parole hearing held in October of 2001 and the resulting denial of parole issued on October 15, 2001. Specifically, Mack complains that:

> 1. Each board member knowingly acquiescence in creating/adopting a policy of inaction, mis-representing material facts (fraud).
>
> 2. The procedures employed permitted deprivation of notice and opportunity to be heard ... deliberately indifferent.
>
> 3. The procedural process employed allowed a departure, imposing an atypical situation by comparison, circumventing minimum custodial standards, abusing their authority, oppressively.

>       4.   The procedural process was invidiously deliberately indifferent, and not rationally related, having a foreseeable impact/effect, known or should have been to be discriminatory practice.

*Plaintiff's Complaint - Court Doc. No. 1* at 3. In support of the aforementioned general claims for relief, Mack contends that the defendants (i) denied him the right to personally appear, in some manner, before the parole board at his parole hearing, (ii) did not engage in dialogue with him, (iii) failed to compile sufficient information relative to his parole consideration, (iv) failed to provide him a reason for the denial of parole, (vi) failed to personally investigate his home and employment plans, (vii) created a liberty interest in release on parole by scheduling parole consideration,[2] (viii) denied him parole as required under the Interstate Corrections Compact,[3] (ix) failed to provide him notice of the 2001 parole hearing, and (x) denied him the right to submit statements in support of his suitability for parole. These claims present a "challenge ... to the validity of the procedures, methods, and practices, alternately, policies of the Board" utilized in the parole consideration process. *Plaintiff's Declaration of Facts in Opposition to Defendants' Motion for Summary Judgment - Court Doc. No. 101* at 8. Mack further complains that the defendants deprived him of equal protection and conspired against him to effectuate the

---

[2]"[M]y complaint is not based upon the theory 'a liberty interest exist in a desire to be paroled[.]' To the contrary, the interest claimed to exist came into existence when the Board exercised its discretion determining to consider me for release." *Plaintiff's Declaration of Facts in Opposition to Defendants' Motion for Summary Judgment - Court Doc. No. 101* at 5 (citation omitted).

[3]This assertion is without merit as the Interstate Corrections Compact does not address release of an inmate on parole and, therefore, fails to implicate a liberty interest in parole.

denial of parole.

### A.  The Alabama Board of Pardons and Paroles

Mack lists the Alabama Board of Pardons and Paroles as a defendant.  The law is well-settled that a state agency is absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986).  Moreover, a state agency is merely an extension of the State and is therefore "not a 'person' within the meaning of § 1983...."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989).  Thus, the plaintiff's claims against the Alabama Board of Pardons and Paroles are frivolous as they are "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B.  Claims Related to the 2001 Parole Consideration Hearing

#### 1.  Due Process

Mack maintains that the defendants deprived him of due process with respect to the procedures, methods, practices or policies implemented by the parole board during the parole consideration process.  These claims entitle Mack to no relief.

"The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the board.  The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination.  It does not contain any language that mandates parole....  When the statute is framed in discretionary terms there is not a liberty interest created."  *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982).  This court's exhaustive review of the history of the Alabama parole

statute establishes that from its inception the statute has been framed in discretionary terms. The law is well settled that "[t]he mere possibility of parole provides simply 'a hope that is not protected by due process….' *Greenholtz,* 442 U.S. at 11, 12, 96 S.Ct. at 2105, 2106 (1979)…. [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

> Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date."

*Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982). Mack does not possess a liberty interest in being granted parole that is protected by the Due Process Clause. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Thus, the procedural due

process protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas*, *supra*, or the parole consideration process. *Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole laws or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Federal courts no longer ascertain whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion" but must instead look to the nature of the deprivation to determine if a state created a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). As previously noted, an Alabama inmate has no liberty interest in parole protected by the Due Process Clause. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] ... these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. "Since an inmate is normally incarcerated in prison, [the plaintiff's remaining in prison while awaiting parole consideration] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest." *Asquith v. Department*

*of Corrections*, 186 F.3d 407, 412 (3rd Cir. 1999).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. The defendants maintain they acted in accordance with state and federal law during the parole consideration process in an effort to determine Mack's suitability for release on parole. These efforts demonstrate reasonable and appropriate actions, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Mack has failed to present any evidence indicating arbitrary or capricious action on the part of the defendants. Consequently, the motion for summary judgment with respect to each of Mack's due process claims should be granted in favor the defendants.

## 2.  Equal Protection

Mack asserts that the defendants failed to provide him the same protections afforded to "similarly situated white prisoners" such that he "has been arbitrarily barred from Parole Consideration." *Plaintiff's Second Amended Complaint - Court Doc. No. 10* at 17. The defendants adamantly deny that they acted in violation of the plaintiff's equal protection rights; instead, the defendants assert that every action undertaken in the parole consideration process occurred due to their efforts to proceed in compliance with applicable law and maintain that Mack's race did not impact any decision or action.

9

In order to present a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir.1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Moreover, to establish an equal protection violation, a plaintiff must demonstrate the existence of intentional or purposeful discrimination. *Whitus v. Georgia*, 385 U.S. 545, 550 (1967); *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107, 1113-1114 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *Village of Arlington Heights v. Metro. Housing Development Corp.*, 429 U.S. 252, 265-266 (1977). "Mere error or mistake in judgment ... does not violate the equal protection clause. There must be intentional discrimination [by the defendants].... Even arbitrary administration of [parole regulations], without purposeful discrimination, does not violate the equal protection clause." *E & T Realty*, 830 F.2d at 1114 (citations omitted); *McCleskey v. Kemp*, 481 U.S. 279, 292-293 (1987) (simple disparity of treatment between individuals of different races is insufficient to establish discrimination). "The requirement of intentional discrimination prevents plaintiffs from bootstrapping all misapplications of state [rules and regulations] into equal protection claims. 'Probably no law contrived by man for his own governance ever has had or will be enforced uniformly and without exception. But the Constitution does not

demand perfection.'" *E & T Realty*, 830 F.2d at 1114 (citations omitted).  Consequently,

> "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Arlington Heights*, 429 U.S. at 265, 97 S.Ct. 555.  Indeed, it is well established that proving intent to discriminate is the essential element of an equal protection claim. *See, e.g.*,; *Hernandez v. New York*, 500 U.S. 352, 359-60, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("A court addressing [an equal protection claim] must keep in mind the fundamental principle that 'official action will not be held unconstitutional solely because it results in a racially disproportionate impact....  Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'" (omission in original) (quoting *Arlington Heights*, 429 U.S. at 264-265, 97 S.Ct. 555)); *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Johnson v. Bush,* 405 F.3d 1214, 1218 (11th Cir.2005); *Citizens Concerned About Our Children v. Sch. Bd.,* 193 F.3d 1285, 1294 (11th Cir.1999); *Elston v. Talladega County Bd. of Educ.*, 997 F.2d 1394, 1406 (11th Cir.1993); *Mencer v. Hammonds*, 134 F.3d 1066, 1070 (11th Cir.1998); *Parks v. City of Warner Robins*, 43 F.3d 609, 616 (11th Cir. 1995).

*Holton v. City of Thomasville School District*, 425 F.3d 1325, 1348-1349 (11th Cir. 2005).

"'Discriminatory purpose[]' ... implies more than intent as volition or intent as awareness of consequences....  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979).  In a case such as this one, where the plaintiff challenges actions of state parole officials, exceptionally clear proof of discriminatory intent is required.  *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Where a plaintiff presents no evidence of purposeful discrimination, the law requires entry of summary judgment in favor of the defendants.  *McCleskey*, 481 U.S. at 292; *E & T Realty*,

830 F.2d at 1115.

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Mack bears the burden of producing specific, substantial evidence that the defendants intentionally discriminated against him due to his race. *Arlington Heights*, 429 U.S. at 265; *Wallis v. J. R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994). Purposeful discrimination can be shown either by direct evidence, i.e., admissions of the defendant, or indirectly by way of substantially probative circumstantial evidence. *Arlington Heights*, 429 U.S. at 265-266. A plaintiff, however, cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 252. Instead, the law is clear that a plaintiff must present significant probative evidence to preclude summary judgment in favor of the defendants. *Id*. at 249.

Mack alleges the defendants denied him fair parole consideration while affording such to other similarly situated inmates. The defendants argue Mack fails to identify any similarly situated inmate who received differential treatment. The defendants also adamantly deny they undertook any action in Mack's parole consideration process based on a constitutionally impermissible reason. They further argue that denial of parole was based on the determination that no grounds existed warranting Mack's release on parole. Mack has utterly and completely failed to present evidence, significantly probative or

otherwise, that race or any other constitutionally impermissible factor constituted a motivating factor in the actions of the defendants about which he complains. The allegations presented by Mack do not warrant an inference of discriminatory intent as the showing of a disparate impact upon inmates is insufficient to demonstrate an equal protection violation. *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). Additionally, the arbitrary application of administrative rules does not run afoul of the Constitution. *E & T Realty*, 830 F.2d at 1114.

Mack simply makes the conclusory legal assertion that the actions undertaken by the defendants in his parole consideration process resulted from discrimination because other inmates received more favorable treatment. Thus, Mack utterly and completely fails to meet his burden as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment from the defendants, *Brunskill v. Boyd*, 141 Fed.Appx. 771, 776 (11th Cir. 2005), or that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason. Moreover, it is clear from the undisputed evidentiary materials that the parole board members refused to grant Mack parole based on their determination, after reviewing his record, that he did not warrant release into society. In light of the foregoing, summary judgment is due to be granted in favor of the defendants on this claim.

### 3. **The Conspiracy Claim**

Mack alleges the defendants engaged in a conspiracy which resulted in the denial of parole.  "Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks,* 449 U.S. 24, 27 101 S.Ct. 183, 186 (1980); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir.1988), *overruled in part on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n.4 (11th Cir.1996)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th 2002).  "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir.1990), *cert. denied,* 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991)....  [T]he linchpin for conspiracy is agreement ..." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992).  In order for a plaintiff "to establish the 'understanding' or 'willful participation' required to show a conspiracy, ... [he] must [produce] some evidence of agreement between the defendants....  For a conspiracy claim to survive a motion for summary judgment '[a] mere "scintilla" of evidence ... will not suffice; there must be enough of a showing that the jury could reasonably find for that party.' *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990)." *Rowe*, 279 F.3d at 1283-1284.  Merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy.  *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

The defendants deny they conspired to violate Mack's constitutional rights and,

instead, argue that they acted appropriately at all stages of the parole consideration process. The court has carefully reviewed the pleadings filed by the plaintiff. There is a total lack of evidence to support Mack's theory that the defendants conspired against him. Specifically, Mack has failed to present any evidence which demonstrates that the defendants "reached an understanding" to violate his rights or committed an "actionable wrong to support the conspiracy." *Bailey*, 956 F.2d at 1122; *Bendiburg*, 909 F.2d at 468. At best, Mack's assertions are self-serving, purely conclusory allegations which fail to assert those material facts necessary to establish a conspiracy between the defendants. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). Thus, Mack has failed to produce any probative evidence of a conspiracy and summary judgment is due to be granted in favor of the defendants on this claim. *Bailey*, 956 F.2d at 1122.

### 4. Fraud/False Information

Throughout his pleadings, Mack alleges the existence of fraud in the parole consideration process. Mack, however, presents no evidence, nor can the court envision that any such evidence exists, to support this self-serving, conclusory allegation. Furthermore, the defendants maintain that they did not commit fraud or act in a fraudulent manner when determining the viability of releasing Mack on parole and the evidentiary materials before the court are devoid of any indication that fraud occurred in the parole consideration process. Consequently, Mack is entitled to no relief on this claim.

To the extent Mack complains that the defendants relied on false information

deny him parole, he is likewise entitled to no relief. The defendants do not admit that the information utilized in the decision-making process is false and deny any knowing reliance on false information. While *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991) establishes a constitutional claim for the knowing use of false information by parole officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982). In *Slocum*, the Court held that prisoners do not state a due process claim by merely asserting that erroneous information exists in their prison files. Moreover, "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001). Mack merely asserts that the defendants based the denial of parole on "mis-represented material facts (fraud)." *Plaintiff's Complaint - Court Doc. No. 1* at 3. This does not state a claim for relief and the defendants are therefore entitled to summary judgment.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.

It is further

ORDERED that on or before September 6, 2007, the parties may file objections to

this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of August, 2007.

>/s/ Wallace Capel, Jr.
> WALLACE CAPEL, JR.
> UNITED STATES MAGISTRATE JUDGE